Tonny Samsu HARTONO; Rini Priantini, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–74095.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.[*]

Filed March 12, 2008.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, James A. Hunolt, Esq., Song Park, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Tonny Samsu Hartono and his wife, Rini Priantini, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004), and review de novo claims of due process violations in immigration proceedings, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The BIA did not abuse its discretion in concluding that Petitioners' second motion to reopen was numerically barred, *see* 8 C.F.R. § 1003.2(c)(2) (permitting one motion to reopen to be filed), where Petitioners failed to demonstrate materially changed circumstances in Indonesia to qualify for the regulatory exception to the numerical limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty,* 381 F.3d at 945 (requiring circumstances to "have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution").

Petitioners' contention that the BIA's order is "cursory" is unavailing because the order reflects that the BIA considered the evidence presented and states the BIA's reasons for denying the motion. *See Bhasin v. Gonzales,* 423 F.3d 977, 983–984 (9th Cir.2005) (recognizing that the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

BIA must show consideration of all factors and articulate its reasons).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.